# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ANGELICA DYSON, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) CASE NO.: ) |
| GURLEY-LEEP AUTOMOTIVE SALES, L.L.C., dba TEAM TOYOTA | ) ) ) |
|     Defendant. | ) ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, by counsel, files her complaint for damages suing Defendant, Gurley-Leep Automotive Sales, L.L.C. doing business as "Team Toyota" (hereinafter "Gurley-Leep") as follows:

This action is for damages to redress Defendant Gurley-Leep's unlawful gender, female, discrimination through sexual harassment and retaliation against Plaintiff, Angelica Dyson (hereinafter "Dyson"), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

Plaintiff seeks both backpay and front-pay, as well as compensatory damages for emotional harm and humiliation from the discrimination by Defendant. Plaintiff also seeks punitive damages for the intentional and wanton disregard of her civil rights by Defendant.

## JURISDICTION

1. The Court has jurisdiction over this proceeding pursuant to *42 U.S.C. §2000e-5(f)(3)* (Title VII).

2. In addition, jurisdiction is invoked pursuant to 28 U.S.C. §1331 and §1343

3. All activity giving rise to this lawsuit occurred in the Northern District of Indiana.

4. Dyson has satisfied her obligation to exhaust her administrative remedies as required under 42 U.S.C. §2000e et seq., by timely filing a charge of discrimination, EEOC Charge Number 470-2020-01594 (dated May 13, 2020).

5. The EEOC issued Dyson its Notice of Right to Sue, which Dyson received on August 13, 2020. Dyson files her suit within ninety (90) days of receipt of the Notice of Right to Sue.

## PARTIES

6. Dyson resides in Cook County, Illinois.

7. Dyson's place of work for Defendant Gurley-Leep was in Lake County, Indiana.

8. Defendant Gurley-Leep is located in Lake County, Indiana.

9. At all times relevant to this cause of action, Defendant was conducting business in Lake County, Indiana.

## STATEMENT OF FACTS

10. Dyson incorporates by reference paragraphs 1 through 10 above.

11. Dyson was hired by Defendant Gurley-Leep on or about April 10, 2019 as a Service Advisor.

12. On or about May 18, 2019, Service Technician Tommy Sams made inappropriate sexual remarks and advances towards Dyson at a company-sponsored party. Dyson told Sams his sexual remarks and advances were unwelcome.

13. On or about May 20, 2019, Dyson reported Sams' unwelcome sexual remarks and advances to her supervisor, Assistant Service Manager Vanessa Delmuro.

14. Delmuro did not take any prompt or effective corrective action to stop Sams' sexual harassment of Dyson.

15. Sams continued to sexually harass Dyson on an almost daily basis by making unwelcome sexual comments about Dyson's appearance and body parts and by touching Dyson's arm in a sexual manner.

16. On or around August 10, 2019, Sams made unwelcome sexual comments to Dyson by telling her that her "a-- looks nice" and he "would do [her] if given the opportunity."

17. Dyson reported Sams' August 10, 2019 unwelcome sexual comments to Greg Johnson, Service Manager, and subsequently to Delmuro in written form.

18. Delmuro submitted Dyson's complaint to the General Manager, Jason Akers, who said that he would meet with Dyson, but he never did.

19. Neither Jason Akers nor Greg Johnson did anything to take immediate and appropriate corrective action to stop Sams' sexual harassment of Dyson, and Sams continued making unwelcome sexual comments to Dyson.

20. On or about December 27, 2019, Sams spread a false rumor that Dyson was having a sexual affair with the parts manager, and Sams told Dyson she was "busting that thang wide open" for the parts manager, referring to her genitalia.

21. On or about December 31, 2019, Dyson submitted another written complaint of sexual harassment to Delmuro in which she explained Sams' unwelcome sexual comments and conduct towards her.

22. On or about December 31, 2019, Delmuro submitted Dyson's written complaint of sexual harassment to General Manager, Jason Akers.

23. Akers did not forward Dyson's sexual harassment complaint to Defendant Gurley-Leep's Human Resources department or anyone else in management, and he did not take any other immediate and appropriate corrective action to stop Sams' sexual harassment of Dyson.

24. On or about January 21, 2020, Defendant Gurley-Leep retaliated against Dyson when Service Manager Gregory Johnson issued written discipline to Dyson, falsely accusing her of unsatisfactory job performance.

25. Dyson had not received any discipline from Defendant Gurley-Leep prior to January 21, 2020.

26. On or about March 23, 2020, Defendant Gurley-Leep again retaliated against Dyson by terminating her employment.

## COUNT I

### (Title VII, Sex Discrimination – Sexual Harassment)

27. Dyson incorporates by reference paragraphs 1 through 26 above.

28. Dyson is female.

29. Sams, an employee of Gurley Leep, made unwelcome sexual comments, touching, and solicitations for sex on an almost daily basis towards Dyson.

30. Dyson reported Sams' unwelcome sexual conduct to her management on three separate occasions, and Defendant Gurley-Leep did not take immediate and appropriate corrective action to stop the harassment which had the effect of creating a hostile work environment for Dyson.

31. Defendant Gurley-Leep's failure to take immediate and appropriate corrective action to stop Sams' sexual harassment of Dyson created a hostile working environment for Dyson.

## COUNT II

### (Title VII, Retaliation)

32. Dyson incorporates by reference paragraphs 1 through 26 above.

33. Dyson engaged in protected activity when she reported sexual harassment to her management on or about May 20, 2019, August 10, 2019, and December 31, 2019.

34. On or about January 21, 2019, just three weeks after Dyson's supervisor, Assistant Manager Delmuro, and General Manager Akers received Dyson's written sexual harassment complaint on or about December 31, 2019, Gurley-Leep retaliated against Dyson by issuing written discipline to Dyson in which it falsely accused Dyson of performing her job unsatisfactorily.

35. On or about March 23, 2020, Gurley-Leep further retaliated against Dyson by terminating her employment.

## RELIEF

WHEREFORE, Plaintiff requests judgment in her favor against Defendant and that the following be awarded:

a. Back pay and other consequential damages resulting from the intentional harassment and retaliation against Dyson;

b.  Award Dyson damages permitted under Title VII related to Defendant's sexual harassment and retaliation;

c.  Award Dyson the costs of this action including reasonable attorney's fees with interest, and any other such relief as the Court may deem just, proper, and equitable;

d.  Grant such relief as the Court deems necessary and proper in the public interest.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues and question so triable.

Respectfully Submitted,

*/s/ Tae Sture*
Tae Sture, Attorney No. 25120-29
Counsel for Plaintiff
Sture Legal Services
155 E Market Street, Ste. 501
Indianapolis, IN 46204
Ph: (317) 577-9090
Fax: (317) 577-1102
Email: tae@sturelaw.com